IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00976-LTB-KLM

TWILIGHT HOVEY, individually and as personal representative of the Estate of Leah Ford,

    Plaintiff,

v.

CHAD JENKINS, and
ADAMS COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Designate Non-Parties at Fault Out of Time** [#17][1] (the "Motion"). Plaintiff filed a Response [#21] in opposition to the Motion [#17], and Defendants filed a Reply [#33]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#17] is **GRANTED**.

    In the Motion [#17], Defendants asked the Court to extend the expired deadline for designation of nonparties-at-fault. The Court notes that this is the only legal issue squarely before it. To the extent Plaintiff argues in the Response [#21] that Defendants' proposed designations should be stricken on any basis other than timeliness, a separate motion

---

[1] "[#17]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

should be filed.

This Court, sitting in diversity, is bound by Colorado statutes when deciding questions of substantive law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In determining a defendant's liability, Colorado's Pro-Rata Liability Statute, Colo. Rev. Stat. § 13–21–111.5, allows the Court to consider the negligence or fault of nonparties. Specifically, a defendant may give written notice designating nonparties believed to be wholly or partially at fault for the injury at issue.  The notice must set forth the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault."  Colo. Rev. Stat. § 13–21–111.5(3)(b).

Section 13-21-111.5 was passed by the Colorado General Assembly in 1986 as a part of its tort reform package.  *See* Robert E. Benson, *Application of the Pro Rata Liability, Comparative Negligence and Contribution Statutes*, 23 Colo. Law. 1717, 171 7 (1994).  The statutory change that resulted in § 13–21–111.5(1) "was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result."  *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997).  Colorado courts have held that the comparative negligence statute is applicable to pecuniary losses as well as to injuries to person or property.  *See Robinson v. Poudre Valley Fed. Credit Union*, 654 P.2d 861, 863 (Colo. App. 1982); *Darnell Photographs Inc. v. Great Am. Ins.*, 519 P.2d 1225, 1226 (Colo. App. 1974).

For a designation of a nonparty to be proper, the moving party must give notice of

the designation within ninety days of the commencement of the action, unless the Court considers a longer period necessary.  Colo. Rev. Stat. § 13–21–111.5(3)(b).  This lawsuit was filed on April 8, 2020.  *See Compl.* [#1].  Thus, Defendant's deadline for designating any nonparties at fault was July 7, 2020.  The present Motion [#17] was filed on August 24, 2020, and therefore was untimely.  However, the Court may extend the statutory deadline on consideration of the following factors: (1) "whether the neglect was excusable"; (2) "whether the moving party had alleged a meritorious defense or claim"; and (3) "whether relief from the challenged order would be consistent with equitable considerations." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001).

      Regarding the first factor, i.e., whether the neglect was excusable, Defendants state that the Motion [#17] was filed on August 24, 2020, well in advance of the Scheduling Conference held in this matter, and thus in advance of all case management deadlines set at that time.  *Motion* [#17] at 4-5.  Defendants assert that counsel "required some time to understand the facts associated with this incident and the various parties involved." *Id.* at 4.  Defendants also state that they had been in conferral with Plaintiff for some time prior to the filing of the Motion [#17] regarding the designations.  *Id.* at 5.  Plaintiff, on the other hand, argues that Defendants have been on notice of this lawsuit since November 8, 2019, when Plaintiffs issued a notice letter to them under the Colorado Governmental Immunity Act.  *Response* [#21] at 2 n.1, 4.  Plaintiff argues that Defendants have long had the information regarding their designees, and that Defendants have been represented by counsel since before this lawsuit was filed.  *Id.* at 5-7.  Plaintiff asserts that the "designations do not set forth anything novel, complex, or that requires significant evaluation."  *Id.* at 7.

This factor is a close call. The belated request to extend the deadline was made early in the case, before a Scheduling Conference was held, and after the parties had engaged in discussion about the designations. Nevertheless, counsel entered an appearance in this matter on June 9, 2020, and, although additional counsel entered an appearance on August 7, 2020, it is unclear why the July 7, 2020 deadline for designation of parties could not have been met, or at least a request for an extension filed by that time. Thus, the Court finds that this factor weighs slightly against permitting the designation.

Regarding the second factor, i.e, whether the moving party had alleged a meritorious defense or claim, Defendants state that they "have a good faith basis for each designation, supporting a meritorious defense." *Motion* [#17] at 5. Plaintiff argues that "Defendants do not attempt to connect facts to non-parties' purported negligence," and therefore "it is impossible to determine how the non-parties they designate could be at all liable . . . ." *Response* [#21] at 8. While the Court makes no finding regarding the merits of any defense or claim made by Defendants, the Court finds that Defendants have provided facially valid bases for designating these three non-parties.[2] *See Defs.' Ex. A, Designation of Negligent Non-Parties* [#17-1]. This factor therefore weighs in favor of permitting the designation.

Regarding the third factor, i.e., whether relief from the challenged order would be consistent with equitable considerations, Defendants assert that Plaintiff will incur no prejudice from the designation and "likely knows of the fault associated with these individuals." *Motion* [#17] at 5. Defendants state that they "would be prejudiced if they are

---

[2] This finding is made solely for purposes of adjudicating the present Motion [#17] and is in no way intended to apply to any motion to strike the designations on any basis other than the timeliness at issue here.

-4-

not permitted to designate as nonparties at fault an entity wholly or partially at fault for the damages alleged by Plaintiffs, because [they] would potentially pay damages in excess of its pro-rata share." *Id.* They further assert that "[t]he inability to name nonparties, particularly at this early juncture, would undermine the purpose and intent of C.R.S. § 13–21–111.5." *Id.* Plaintiff, on the other hand, argues that she would be prejudiced because "Defendants could reduce their damages to Plaintiff[ ] but Plaintiff[ ] would have no ability to recoup that percentage of fault from the erroneously blamed non-parties." *Response* [#21] at 9-10 (citing *Thompson v. Colo. & E. R.R. Co.*, 852 P.2d 1328, 1329 (Colo. App. 1993)). However, Plaintiff does not explain why she would have no ability to pursue litigation against any non-parties, and her argument usurps the role of the trier of fact to determine who is to "blame" for her damages. Given the early stages of this case, and the lack of any showing of actual prejudice, the Court finds that equitable considerations underlying this factor weigh in favor of permitting the designation.

Weighing these three factors together, the Court finds that Defendants' designations should be permitted.

### III.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#17] is **GRANTED**.  The Clerk of Court shall accept Defendants' Designation of Negligent Non-Parties [#17-1] for filing as of the date of this Order.

Dated: November 19, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge